1   LAW OFFICES OF STEVEN J. PARSONS
    ANDREW L. REMPFER, ESQ.
2   Nevada Bar No. 8628
    Andrew@SJPlawyer.com
3   JENNIFER D. GOLANICS, ESQ.
    Nevada Bar No.: 13687
4   Jennifer@SJPlawyer.com
    7201 W. Lake Mead Blvd., #108
5   Las Vegas, NV 89128
    T: (702) 384-9900
6   F: (702) 384-5900

7   Attorneys for Plaintiff
    **ADELINA HERNANDEZ**

8

9                    UNITED STATES DISTRICT COURT

10                       DISTRICT OF NEVADA

11                                      Case No.:

12   **ADELINA HERNANDEZ**, an individual          **COMPLAINT**

13      Plaintiff,                                 **CLAIMS FOR RELIEF:**

14   vs.                                           1.  Violation of ADA & NRS 613.330;

15   **CAPITAL ONE SERVICES, LLC**, a Nevada      2.  Retaliation re: ADA, Title VII & NRS
16   corporation; DOES I thru V, inclusive; ROE       613.340
     CORPORATIONS I thru V, inclusive,
17
        Defendant.                                 **JURY DEMAND**
18

19   _____

20          Plaintiff, ADELINA HERNANDEZ (hereafter "Hernandez"), hereby files her Complaint

21   against CAPITAL ONE ("The Company" or "Defendant") as follows:

22                              **THE PARTIES**

23          1.      Hernandez is, and at all times relevant to this action was, a bona fide resident

24   of Clark County, Nevada.

25          2.      Hernandez was a Senior Risk Coordinator with the Company.

26          3.      Defendant is a Nevada corporation registered to, and conducting business in,

27   Nevada.

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, NV 89128-8354*
*(702) 384-9900; fax (702) 384-5900*
*Andrew@sjplawyer.com*

                              Page 1 of 7

1       4.    Defendant operates throughout Clark County, Nevada.

2       5.    Defendant is an employer engaged in an industry affecting commerce with

3   fifteen (15) or more employees or members.

4       6.    As an employer with more than fifteen (15) employees, the Defendant is

5   required to comply with all state and federal statutes and laws prohibiting discrimination.

6       7.    The true names of DOES I through X and Roe Corporations I through X, their

7   citizenship and capacities, whether individual, corporate, associate, partnership or otherwise,

8   are unknown to Hernandez who therefore sue these defendants by such fictitious names.

9   Hernandez is informed and believes, and therefore alleges, the Defendant's entities, including

10  DOES I through X and Roe Corporations I through X, were individuals who are in some manner

11  negligent and wrongful towards Hernandez, caused injury to Hernandez, or otherwise

12  damaged Hernandez. Hernandez is further informed and believe, and therefore allege, that

13  each of the Defendant's entities, designated as DOES I through X and Roe Corporations I

14  through X, are or may be, legally responsible for the events referred to in this action and other

15  events not mentioned in this action, and caused damages to Hernandez including but not

16  limited to causing Hernandez, and those similarly situated, to not be paid their lawful wages.

17  Hernandez will ask leave of this Court to amend the Complaint to insert the true names and

18  capacities of such the Defendant's entities, when the same have been ascertained, and to

19  join them in this action, together with the proper charges and allegations.

20  **JURISDICTION AND VENUE**

21      8.    This action is brought pursuant to the Americans with Disabilities Act ("ADA"),

22  42 U.S.C. § 1201, et. seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et.

23  seq.

24      9.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

25      10.    This action also arises out of claims from Nevada's anti-discrimination statutes,

26  N.R.S. § 613.330, as well as claims arising under the common law of the State of Nevada.

27  These claims are so related to the claims in the action within the original jurisdiction of this

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, NV 89128-8354*
*(702) 384-9900; fax (702) 384-5900*
*Andrew@sjplawyer.com*

Page 2 of 7

1  Court that they form part of the same case or controversy under Article III of the United States

2  Constitution. As such, these claims are properly within the Court's jurisdiction pursuant to 28

3  U.S.C. § 1367(a).

4       11.    Hernandez filed her Charge of Discrimination with the United States Equal

5  Employment Opportunity Commission ("EEOC") in a timely fashion on March 3, 2016.

6       12.    Hernandez received a Right to Sue Letter less than ninety days prior to filing

7  this Complaint.

8       13.    Hernandez has satisfied all administrative and jurisdiction conditions

9  precedent to filing this Complaint.

10       14.    Hernandez began employment with the Company on or about May 15, 2006.

11       15.    Hernandez' most recent position with the Company was Senior Risk

12  Coordinator.

13       16.    On October 1, 2014, Hernandez injured her right hand at work.

14       17.    Hernandez notified Ms. Trina D'Arienzo ("D'Arienzo"), the Unit Manager, at the

15  time of the injury.

16       18.    Hernandez and D'Arienzo went to the Guard's Station and D'Arienzo filled out

17  the injury form.

18       19.    While at the Guard's Station the guard on duty made a comment, "Wow

19  another, a lot of people have gotten hurt on those chairs."

20       20.    After filing out the injury form, D'Arienzo sent Hernandez home with no further

21  instructions.

22       21.    Hernandez went to UMC Quick Care and was informed she had a right wrist

23  sprain. She was given a doctor's note with temporary work restrictions from October 1, 2014

24  to October 8, 2014. However, Hernandez' doctor extended the temporary work restrictions on

25  her next appointment.

26       22.    Hernandez received a letter and a phone call from her Worker's Compensation

27  Case Manager, Mr. Eric Brong ("Brong") on October 22, 2014. Brong advised Hernandez that

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, NV 89128-8354*
*(702) 384-9900; fax (702) 384-5900*
*Andrew@sjplawyer.com*

Page 3 of 7

1  he would be her contact regarding her Worker's Compensation Case moving forward.

2  However, Hernandez still updated Mr. Robert Tate ("Tate"), Department Manager, and

3  D'Arienzo on her condition.

4       23.    On November 12, 2014, Tate and D'Arienzo sent Hernandez home explaining

5  there were no light duty options available. In addition, D'Arienzo told Hernandez that she will

6  call her when the Company decides what to do about her position.

7       24.    Hernandez Worker's Compensation Case was approved on November 15,

8  2014.

9       25.    Ms. Juanita Lopez ("Lopez"), Unit Manager, called Hernandez on December 4,

10  2014. Lopez told Hernandez that she was Hernandez' new Unit Manager. Lopez inquired why

11  Hernandez had not been calling out daily through the Call Out Center. As per, Tate and

12  D'Arienzo, Hernandez explained she did not have to call out while on Worker's Compensation

13  Leave. Lopez asked when Hernandez was coming back to work. Hernandez stated she was

14  unsure when she could be released back to work without restrictions. Lopez explained to

15  Hernandez that she was calling to let Hernandez know that some associates got a raise but

16  Hernandez did not get one. Hernandez requested Lopez not to call while she is out on leave.

17       26.    Hernandez' doctor released her back to work on December 31, 2014.

18       27.    Hernandez returned to work on January 5, 2015.  However, her access to her

19  work area had been revoked.

20       28.    When Hernandez returned to work on January 8, 2015, Hernandez was told by

21  Lopez that she received a major infraction on a phone call from October 26, 2014, almost

22  three weeks before Hernandez was sent home by Tate and D'Arienzo because there were no

23  light duty options available.

24       29.    Hernandez asked Lopez why the Unit Manager who graded the quality of the

25  call did not discuss with Hernandez before she went on Worker's Compensation Leave. Lopez

26  had no response.

27       30.    Hernandez requested a copy of the Unit Manager's notes for scoring the call.

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, NV 89128-8354*
*(702) 384-9900; fax (702) 384-5900*
Andrew@sjplawyer.com

1   Again, Lopez had no response.

2       31.   Hernandez stated she needed proof of the call if she was going to sign the

3   coaching form for the major infraction. Hernandez believed the call never occurred. Lopez

4   became upset, told Hernandez she did not have to sign, and she was adding the major

5   infraction to her file.

6       32.   Hernandez requested a meeting with, Mr. Michael Wiese ("Wiese"),

7   Department Manager, to discuss her alleged major infraction, the new incentive and appraisal

8   program, and her lack of access.

9       33.   From around 2015 through the present, Hernandez was denied bonuses.

10       34.   Hernandez believes she was discriminated against because of her disability, or

11   being regarded as disabled, and retaliated against for engaging in protected activity, in

12   violation of the Americans with Disabilities Act of 1990, as amended.

13   **FIRST CLAIM FOR RELIEF**

14   **(Violation of the ADA & N.R.S. § 613.330)**

15       35.   Hernandez repeats and realleges the allegations above at if fully set forth

16   herein.

17       36.   Hernandez had a disability as defined by the ADA and/or N.R.S. § 613.330, et.

18   seq.

19       37.   Defendant knew Hernandez was disabled or regarded her as disabled, as

20   alleged in paragraphs 22 through 25, above, which are reincorporated by this reference.

21       38.   Hernandez' disability impaired the major life activity of working. With a

22   reasonable accommodation, however, she could perform the essential functions of the

23   position.

24       39.   Because the Company failed to engage in the interactive process to

25   accommodate Hernandez' condition, she suffered discrimination in violation of the ADA.

26       40.   As a direct and proximate cause of the Company's violations of failing to

27   accommodate her or engage her in the interactive process, as alleged in paragraphs 22

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, NV 89128-8354*
*(702) 384-9900; fax (702) 384-5900*
*Andrew@sjplawyer.com*

Page 5 of 7

1   through 25, above, which are reincorporated herein, Hernandez has been damaged in an

2   amount to be determined at trial.

3       41.     Hernandez has been forced to procure the services of an attorney to represent

4   her in this matter and, pursuant to 42 U.S.C. § 12205, Hernandez is entitled to her attorneys'

5   fees.

6       42.     Hernandez is entitled to both compensatory and punitive damages because of

7   the Company's violations of the ADA.

8       43.     Furthermore, the Company's actions were malicious, oppressive, fraudulent

9   and/or done with reckless indifference to Hernandez' rights, thus justifying an award of

10  punitive damages.

11                          <u>SECOND CLAIM FOR RELIEF</u>

12                  (Retaliation re: ADA, Title VII & NRS 613.340)

13      44.     Hernandez repeats and re-alleges each and every allegation set forth in the

14  foregoing and following paragraphs as if fully set forth herein.

15      45.     The ADA, Title VII of the 1964 Civil Rights Act, and N.R.S. § 613.340 render it

16  illegal to terminate an employee if they engage in a protected activity.

17      46.     Hernandez engaged in a protected activity by requesting worker's

18  compensation from the Company.

19      47.     The Company failed to accommodate Hernandez' need for a reasonable

20  accommodation, failed to engage Hernandez in the interactive process and retaliated against

21  her by fabricating reasons to terminate her after she filed a worker's compensation claim.

22      48.     The Company's actions were retaliatory and contrary to Nevada public policy.

23      49.     As a direct and proximate cause of the Company's acts, Hernandez has been

24  damaged in an amount to be determined at trial.

25      50.     The Company's actions were malicious, oppressive, fraudulent or done with

26  reckless indifference to Hernandez' rights, thus justifying an award of punitive damages.

27      51.     Hernandez has been forced to procure the services of an attorney in this matter

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, NV 89128-8354*
*(702) 384-9900; fax (702) 384-5900*
Andrew@sjplawyer.com

Page 6 of 7

1   and Hernandez is thus entitled to an award of attorneys' fees as a consequence.

2                                   <u>PRAYER FOR RELIEF</u>

3         WHEREFORE, Hernandez requests a judgment against the Defendant as follows:

4             1.   For a trial by jury;

5             2.   For compensatory damages and punitive damages;

6             3.   Prejudgment interest;

7             4.   For reasonable attorneys' fees and costs; and

8             5.   Such other relief this Court deems just and proper.

9
                                    <u>JURY DEMAND</u>
10

11        Pursuant to Fed. R. Civ. P. 37, the Seventh Amendment to the Constitution of the

12   United States, as well as Article 1, Section 3 of the Constitution of the State of Nevada,

13   Hernandez hereby demands a jury trial for each of her claims for relief.

14
        Dated: Monday, June 6, 2016          Respectfully Submitted By:
15
                                              **LAW OFFICES OF STEVEN J. PARSONS, ESQ.**
16

17                                            By: /s/ Andrew L. Rempfer, Esq.
                                              Andrew L. Rempfer, Esq.
18                                            Jennifer D. Golanics, Esq.

19                                            ATTORNEYS FOR PLAINTIFF
20                                            **ADELINA HERNANDEZ**

21

22

23

24

25

26

27

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, NV 89128-8354*
*(702) 384-9900; fax (702) 384-5900*
*Andrew@sjplawyer.com*

                                   Page 7 of 7